UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

KATHERINE M. LEWIS,
             *Plaintiff-Appellant,*

v.

ROBESON COUNTY, A Body Politic
and Incorporated; JACK D. BRYAN,
in his individual and official
capacity,

             *Defendants-Appellees.*

No. 02-1130

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
W. Earl Britt, Senior District Judge.
(CA-00-173-7-BR)

Argued: February 24, 2003

Decided: May 16, 2003

Before WILKINS, Chief Judge, and LUTTIG and
GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** William Lee Davis, III, Lumberton, North Carolina, for
Appellant. Gregory Wenzl Brown, CRANFILL, SUMNER & HART-
ZOG, L.L.P., Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Katherine M. Lewis ("Lewis"), an African-American female over the age of 40, filed suit against her employer, the Robeson County Department of Social Services ("DSS"), and Jack Bryan ("Bryan"), a county official (collectively, "Robeson County"), alleging discriminatory termination and demotion based upon her age and race. The United States District Court for the Eastern District of North Carolina entered an order granting the County's motion for summary judgment in part, denying Lewis' cross-motion for summary judgment, dismissing several of Lewis' additional federal law claims, and declining to exercise jurisdiction over her state law discrimination claims. Lewis appeals this order. Finding no reversible error, we affirm.

I.

Prior to her termination on February 13, 1998, Lewis was employed by Robeson County as a Social Worker III in the Child Protective Services Unit. In this capacity, Lewis was charged with the duty of investigating allegations of child abuse, to determine whether such claims were substantiated. An integral component of Lewis' job responsibility was the dictation of investigatory reports and submission thereof to a typing pool for the preparation of transcriptions. Referral of substantiated cases of child abuse to the appropriate treatment staff depended upon the timely submission of these notes to the transcription pool. Additionally, the referral and investigation system depended upon social workers, such as Lewis, to prepare their reports in conformity with departmental standards.

Around July 1997, Gloria Morrow ("Morrow"), an outside auditor with the North Carolina Division of Social Services, commenced an investigation of DSS to examine compliance of case records with state child-protection law and policy. Additionally, in August 1997,

Bryan became the Director of Social Services for Robeson County. Following shortly upon his accession to office, and due in part to the disturbing results of Morrow's audit, Bryan launched a departmental restructuring. One component of this reorganization was the termination of Lewis' direct supervisor, Earl Locklear, a thirty-eight year old, Native-American male. Locklear was discharged, in part, due to his inadequate supervision of Lewis, whom he had failed to discipline regarding dictation and case processing. Locklear was replaced by Connie Oxendine ("Oxendine"), a forty-one year old Native-American woman.

As Morrow's audit proceeded, she discovered glaring deficiencies in Lewis' work product. In the overwhelming majority of cases, Lewis had simply failed to document her work beyond the formalities necessary to open the investigations. Where the appropriate notation was discovered, Morrow found deficient work product. The situation was so egregious that Morrow noted that "[E]very area of possible review was out of compliance with state law and policy." Unfortunately, Lewis' slothfulness carried consequences extending far beyond the quotidian inconvenience of administrative clean-up. Indeed, as Morrow found, Lewis had placed children at risk and many of her cases were forced into administrative closure, an abandonment of further investigation due to excessive delay.

Apprised by Morrow of Lewis' deficiencies, Bryan and Oxendine increased their supervision of Lewis' work. This monitoring included a work plan agreement and numerous other measures to bring Lewis' performance into compliance with departmental policy. The record indicates that Lewis generally refused such offers of assistance and failed to alter her practices. After months of efforts at reform, and after a pre-disciplinary hearing, DSS terminated Lewis for gross negligence on February 13, 1993. Lewis challenged this determination in an appeal hearing, in which she alleged that her problems were due to mismanagement by Oxendine's predecessor. At no point during this hearing did Lewis raise an allegation of discrimination. In partial recognition of the larger departmental problems plaguing DSS, Bryan reinstated Lewis at the lower Social Worker II level. Several months thereafter, Lewis filed a Charge of Discrimination with the Equal Employment Opportunity Commission, which issued a right to sue letter on January 14, 2000.

Lewis filed suit in the district court alleging that her termination and demotion constituted discrimination by Robeson County on the basis of her age and race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2000e-17 (2000), Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634 (2000), and 42 U.S.C. § 1981 (2000). Lewis also alleged several state law claims. Ruling on the parties' cross-motions for summary judgment, the district court: 1) granted Robeson County's motion for summary judgment on the claims of discriminatory discipline and discharge; 2) dismissed two of Lewis' age discrimination claims as incognizable under § 1981 and Title VII; 3) dismissed Lewis' claim of discrimination based upon failure to hire or promote; and 4) declined to exercise jurisdiction over Lewis' state law claims. Lewis' appeal is limited to the district court's summary judgment on the age and race discrimination claims, as well as the court's dismissal of her § 1981 claim. For the reasons that follow, we affirm the decision of the district court.

II.

We review a grant of summary judgment *de novo*. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). We view the evidence presented in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 255 (1986).

III.

A.

Because Lewis presents no direct evidence of discrimination, her claims are subject to burden shifting analysis under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and its progeny. To establish a prima facie case concerning discrimination based upon her age or race, Lewis must show that: 1) she is a member of a protected class; 2) she suffered an adverse employment action; 3) at the time of the adverse action, she was performing at a level that met Robeson County's legitimate job expectations; and 4) the position was filled by a

similarly qualified applicant outside the protected class or by a substantially younger worker. *Dugan v. Albemarle County Sch. Bd.*, 293 F.3d 716, 721 (4th Cir. 2002); *Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 607 (4th Cir. 1999). If the plaintiff is able to establish a prima facie case, the defendant must come forward with a legitimate, non-discriminatory reason for the firing. *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308 (1996). Once the defendant meets this burden, the plaintiff must show that the proffered reasons were pretextual and that race or age was the real reason for termination. *Hawkins v. Pepsico, Inc.*, 203 F.3d 274, 279 (4th Cir. 2000).

As the district court correctly found, because Lewis has failed to establish that her performance was satisfactory at the time of discharge, she has failed to establish a prima facie case. The evidence is clear: Lewis' performance was inadequate and singularly aberrant. The Morrow audit, undertaken by an independent and outside party, singled out Lewis' poor work product — a distinction no other social worker earned. To allow Lewis' case to go forward would be to render the first stage of the *McDonnell Douglas* burden-shifting process meaningless.

Even were we to assume, *arguendo*, that Lewis has established a prima facie case, Robeson County offers a well-documented and legitimate reason for her discharge and subsequent demotion — gross negligence. Lewis offers no evidence to demonstrate that this legitimate explanation represents pretext. Although she takes issue with Robeson County's characterization of her work as "erroneous," such arguments do not serve to establish pretext. *See Hawkins*, 203 F.3d at 278 ("[W]hen an employer gives a legitimate, non-discriminatory reason for discharging the plaintiff, it is not our province to decide whether the reason was wise, fair, or even correct, ultimately, so long as it was the reason for the plaintiff's termination." (Internal quotations and citation omitted)).

Finally, to the extent that Lewis claims differential discipline, we agree with the district court that Lewis failed to present evidence that any other employee performed in a comparably deficient manner. *Cook v. CSX Transp. Corp.*, 988 F.2d 507, 511 (4th Cir. 1993).

## B.

To the extent Lewis alleges a claim under § 1981 based upon a failure to be interviewed or hired for vacancies after her demotion, we affirm the district court's dismissal thereof. In a suit brought against a state actor, Section 1983 is the exclusive federal remedy for a violation of the rights guaranteed in § 1981. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735-36 (1989); *Dennis v. County of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995). "Thus, the § 1983 requirement that plaintiffs show an official policy or custom of discrimination also controls in § 1981 actions against state entities." *Dennis*, 55 F.3d at 156. As Lewis has not shown an official policy or custom of discrimination, her claim fails.

## IV.

Lewis has not adduced evidence of satisfactory performance or of pretext. In executing its grave responsibility to protect children from neglect and abuse, Robeson County enforced legitimate performance expectations.

*AFFIRMED*